### 2802. KIRKLAND *v.* PENUEL & ALSUP.

1. The plea to the jurisdiction, having been filed at the first term after service was perfected, should not have been stricken on motion.
2. Where the defendant relies upon a plea to the jurisdiction alone, it is not necessary that he should also specifically answer the paragraphs of the plaintiff's petition.

DECIDED FEBRUARY 22, 1911.

Complaint; from city court of Reidsville—Judge Morgan. March 7, 1910.

*W. T. Burkhalter,* for plaintiff in error.

*Kelley & Smith,* contra.

POWELL, J. In November, 1908, a suit was filed in the city court of Reidsville, in Tattnall county, against Kirkland, returnable to the December term, 1908. At that term an order was passed, reciting that the defendant had not been served, and ordering that service be perfected by the next term. On February 13 the sheriff returned that the defendant was out of the county. At the September term, 1909, the court passed another order, reciting that service had not been made, but that the plaintiff had been diligent in attempting to secure service; and it was ordered that process might still be served, and that the December term, 1909, should be the appearance term. On September 18, 1909, the sheriff made a return of personal service. The defendant came in at the December term, 1909, and, without filing any defense to the merits, filed a plea to the jurisdiction, alleging that at all times since the suit was filed he had resided in Emanuel county, and that the city and superior courts of that county had jurisdiction of the case, and that the city court of Reidsville was without jurisdiction of his person. He set up also that he had not been legally served; but, as there was no traverse of the sheriff's entry of service, that ques-

tion may be disregarded. The court struck the entire plea on oral motion, and gave judgment for the plaintiff. The defendant excepts.

1. The plea to the jurisdiction was good in substance. It was filed at what finally, under the judge's orders, became the appearance term of the case. It should not have been stricken on oral motion. The court might properly have stricken the portions relating to the service, and even hereafter may do so.

2. The defendant in error makes the point that the court properly struck the plea, because the paragraphs of the petition are not answered. The Civil Code (1910), § 5634, which requires the defendant to "distinctly answer each paragraph of plaintiff's petition," has no reference to cases where the defendant relies solely on some special plea not going to the merits of the case—such as a plea to the jurisdiction. "A defendant may either demur, plead, or answer to the petition, or may file one, or more, or all of these defenses at once, without waiving the benefit of either; or he may file two or more pleas to the same action." Civil Code (1910), § 5630.                     *Judgment reversed.*